NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MILAGROS SALCE, | : | |
| | : | Civil Action No. 09-3384 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| FIRST STUDENT, INC. AND JOHN DOE, *et al.* | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion to remand filed by Plaintiff Milagros Salce (docket entry 4). Defendant First Student, Inc. has opposed the motion. The Court has considered the papers submitted by the parties and opts to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Plaintiff's motion to remand this action.

**I.    BACKGROUND**

      This action arises out of a motor vehicle accident that occurred on or about February 1, 2008. According to the Complaint, the vehicle owned and/or operated by Defendant struck the Plaintiff. Plaintiff was allegedly severely injured and disfigured as a result of the accident.

      Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Bergen County. Defendants removed the action to this Court on July 9, 2009.

**II.     DISCUSSION**

Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(a), grounding the basis for removal in federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a). The Notice of Removal filed by Defendant asserts that the action satisfies both the diversity of citizenship and amount in controversy requirements of Section 1332(a)(1). Plaintiff challenges the existence of diversity jurisdiction on the grounds that diversity of citizenship does not exist and the amount in controversy does not exceed $75,000, as required by the diversity jurisdiction statute.

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

The Court finds that Defendant has met its burden of demonstrating that diversity jurisdiction exists. First, diversity of citizenship does exist. As a corporate entity, Defendant is a citizen of its principal place of business and state of incorporation. International Milling Co. v.

Columbia Transp. Co., 292 U.S. 511, 511 (U.S. 1934).  As sated in the Notice of Removal, Defendant is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Cincinnati, Ohio.  Plaintiff is a citizen of the State of New Jersey.

Secondly, where, as in this case, the dispute over subject matter jurisdiction concerns the amount in controversy, the Third Circuit applies the "legal certainty" test established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938).  See Federico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007) (citing Samuel-Bassett, 357 F.3d at 398).  Under the Red Cab test, the case must be dismissed or remanded "only if 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" Id. (quoting Red Cab, 303 U.S. at 289.)

The pleadings in this action do not make it apparent that Plaintiff *cannot* recover more than $75,000 for his alleged harm.  This action arises out of a motor vehicle accident in which the Complaint alleges that Plaintiff was "severely injured, disabled and disfigured, suffered and will suffer great pain and torment."  The Court finds that the value of Plaintiff's claims, as pled in the Complaint, could exceed $75,000.

The correct test in evaluating the amount in controversy is highlighted by the Third Circuit in Federico:

> Under Red Cab, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000-a substantially different standard. This reading of the legal certainty test is supported by

3

> Meritcare, Bloom, Packard, and Nelson. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.

Federico, 507 F.3d at 195 (quoting Valley v. State Farm Fire and Cas. Ins. Co., 504 F.Supp.2d 1, 3-4 (E.D. Pa.2006)) (emphasis in quotation). While Federico noted that in some cases, a defendant seeking removal would indeed have to meet the more onerous burden of proving that the plaintiff *can* recover the jurisdictional amount, that standard applies only where the complaint specifically avers that the amount in controversy is less than the jurisdictional minimum. Id. at 196-97. Otherwise, the Red Cab and Samuel-Bassett standard applied by the Court here governs. Id. at 197. Second, Plaintiff maintains that he would likely accept a settlement offer at or below $75,000 in support of the argument that the amount in controversy will not exceed $75,000. This argument is unavailing. Under the time-of-filing rule, "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed" and once vested, cannot be ousted by subsequent events. Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 152 (3d Cir. 2009) (citing Mullan v. Torrance, 22 U.S. 537, 539 (1824)). In this case, the Court looks to the circumstances as of the time the Notice of Removal was filed.

### III. CONCLUSION

For the foregoing reasons, this Court is satisfied that it has subject matter jurisdiction over this action under 28 U.S.C. § 1332 and accordingly will deny Plaintiff's motion to remand. An appropriate form of order will be filed together with this Opinion.

s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: October 8, 2009